UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LENNY BISHOP,

                            PLAINTIFF,

-AGAINST-

NEW YORK CITY, POLICE OFFICER NICHOLAS
ROSADO, POLICE OFFICER JOHN DOE 1, POLICE
OFFICER RED LEBER, POLICE OFFICER JOHN DOE
2 AND POLICE OFFICER JOHN DOE 3, individually,
and in their capacities as members of the New York City
Police Department,

                            DEFENDANTS.

**AMENDED COMPLAINT**

**14-CV-1729 (ILG)(SMG)**

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiff, Mr. Lenny Bishop ("Mr. Bishop"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from two separate incidents, the first of which took place April 20, 2012 ("Incident 1"), and the second of which took place on or about July 27, 2013 ("Incident 2"), in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Bishop to *inter alia* false arrest, malicious prosecution and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Bishop is a United States citizen and at all times here relevant resided at 180 Park Hill Avenue, Apartment 2H, Staten Island, NY 10304.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Nicholas Rosado ("PO Rosado"), Police Officer John Doe 1 ("PO John Doe 1"), Police Officer Red Leber ("PO Leber"), Police Officer John Doe 2 ("PO John Doe 2") and Police Officer John Doe 3 ("PO John Doe 3") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Bishop is a 20 year-old African American male.

11. Mr. Bishop lives with his mother and has no previous convictions.

## INCIDENT ONE

12. Incident 1 occurred on or about April 16, 2012.

13. Mr. Bishop had been studying at a friend's house on Sand Lane, Staten Island.

14. Mr. Bishop left his friend's house at approximately 5pm and began to walk home.

15. As Mr. Bishop was walking home a police vehicle pulled up beside him.

16. Several police officers, including PO Le Ber, PO John Doe 2 and PO John Doe 3, got out of the vehicle and grabbed Mr. Bishop.

17. The police officers proceeded to kick and punch Mr. Bishop about his body and scraped his face on the floor.

18. Mr. Bishop was handcuffed and thrown in the police vehicle.

19. Mr. Bishop was taken to the 122nd precinct and was subsequently charged with robbery and remanded on Rikers Island.

20. On or about April 19, 2012, the Grand Jury voted No Bill and all charges against Mr. Bishop were dismissed.

## INCIDENT TWO

21. Incident 2 occurred on or about July 27, 2013, at approximately 8:00 pm, when Mr. Bishop was cycling to the 'Time Deli and Grocery' on Targee Street, Staten Island.

22. As Mr. Bishop approached the sidewalk on Targee Street, he dismounted from his bike.

23. Mr. Bishop then pushed the bike alongside him as he walked towards the Time Deli.

24. When he reached the Time Deli, Mr. Bishop parked his bike against the wall outside.

25. Mr. Bishop went into the Time Deli and bought a bottle of juice.

26. As Mr. Bishop was exiting the Time Deli he was approached by PO Rosado.

27. PO Rosado accused Mr. Bishop of cycling his bike on the sidewalk.

28. Mr. Bishop told PO Rosado that he did not cycle his bike on the sidewalk.

29. PO Rosado then asked Mr. Bishop for identification.

30. Mr. Bishop complied by giving PO Rosado identification.

31. PO Rosado then verbally and racially abused Mr. Bishop.

32. Mr. Bishop asked PO John Doe 1 why PO Rosado was speaking to him as if he were an animal.

33. PO Rosado proceeded to search Mr. Bishop.

34. PO Rosado placed his hands on Mr. Bishop's genital area.

35. Mr. Bishop told PO Rosado that he was upset by PO Rosado placing his hands on his genital area.

36. PO Rosado then instructed Mr. Bishop to put his hands up.

37. Mr. Bishop put his hands up and PO Rosado and PO John Doe 1 pushed Mr. Bishop against the wall.

38. PO Rosado then punched Mr. Bishop in the face.

39. PO Rosado then lifted Mr. Bishop off the ground above his head and slammed Mr. Bishop onto the sidewalk.

40. Mr. Bishop was in excruciating pain and was terrified for his life.

41. PO Rosado and PO John Doe 1 jumped on top of Mr. Bishop while he was on the floor and proceeded to kick and punch Mr. Bishop about his head and body.

42. Mr. Bishop managed to free himself from PO Rosado and PO John Doe 1.

43. PO Rosado and PO John Doe 1 then seized Mr. Bishop again and continued to beat him.

44. Mr. Bishop was handcuffed and taken to the 120th Precinct.

45. Mr. Bishop was held in a cell at the precinct until approximately 2:30 pm the next day.

46. On or about July 28, 2013, at approximately 3.30pm, Mr. Bishop was arraigned on charges of Disorderly Conduct, Resisting Arrest and Obstruction of Governmental Administration.

47. Mr. Bishop was released on his own recognizance.

48. Mr. Bishop returned to court on or about September 18, 2013, at which time all charges against him were dismissed by the District Attorney's Office.

49. Mr. Bishop continues to feel traumatized by the events of Incident 1 and Incident 2, and is wary and fearful when he sees police officers.

50. Mr. Bishop takes efforts to avoid police officers when in public.

51. Mr. Bishop also suffered physical injuries as a result of these incidents, including but not limited to, cuts, scrapes, abrasions and bruising to his face, elbow, back, stomach, hip and knee.

52. Mr. Bishop has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

53. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

54. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

55. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

56. Defendants confined plaintiff.

57. Plaintiff was aware of, and did not consent to, his confinement.

58. The confinement was not privileged.

59. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

60. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

61. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

62. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

63. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

64. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

65. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

66. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

67. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

68. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

69. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

70. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

71. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

72. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

73. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### FIFTH CAUSE OF ACTION

(Unreasonable Search)

74. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

75. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was subjected to an improper search by defendants without a genuine factual basis supporting a reasonable suspicion to believe that plaintiff secreted evidence on his person.

76. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court

**JURY DEMAND**

77. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

>In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
>Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
>Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
>And such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            September 3, 2014

                            By:         /S/
                                Duncan Peterson (DP 7367)
                                PetersonDelleCave LLP
                                Attorney for Plaintiff
                                233 Broadway, Suite 1800
                                New York, NY 10279
                                (212) 240-9075